# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | NO. 3:15-cr-30 (CAR) |
| | : | |
| TERRANCE JEROME CLARKE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON MOTION TO MODIFY SENTENCE

Currently before the Court is Defendant Terrance Jerome Clarke's Motion for Sentence Clarification/Modification/Vacation [Doc. 195]. On April 4, 2017, Defendant was sentenced to a term of 60 months in prison, "to be served consecutively to any term of imprisonment that may be imposed in Madison County Superior Court Case No. 13-MR-372H,"[1] for one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2). Because Defendant was serving a state sentence for a parole revocation with a release date of February 2, 2016, he was arrested and brought into federal custody pursuant to a writ of habeas corpus ad prosequendum on June 25, 2015.[2]

In Defendant's Motion, he states that he was arrested on October 1, 2014, but his state parole was not actually revoked until March 25, 2015. Defendant argues that

---
[1] [Doc. 149, 150].
[2] See [Docs. 13, 25].

because he was being held pursuant to the federal writ from June 25, 2015, until February 3, 2016, he was denied the opportunity for parole review to which he was entitled under state law. Defendant contends that if he had not been held pursuant to the writ, he would have only had to serve 65% of his state sentence, but instead he served 100% of his state sentence. Defendant states that the time between October 1, 2014, and March 24, 2015, was not credited toward either his state nor his federal sentence, therefore requests that this time be credited toward his federal sentence.[3] Defendant also states that he has not been awarded time from June 25, 2015, to February 3, 2016.

Defendant previously sought credit for the time he served between March 25, 2015, and February 2, 2016, and the Court noted he was not entitled to credit for this time because it was credited to his state parole revocation sentence.[4] Ultimately, however, the Court dismissed his previous motion for lack of jurisdiction, since a motion for credit for time served should be brought pursuant to 28 U.S.C. § 2241, but only after the exhaustion of administrative remedies, and only in the district court for the district in which the defendant is incarcerated.[5]

Defendant's current Motion is in the same situation. It does not appear that

---

[3] Curiously, in a prior motion seeking credit for time served, Defendant stated he, in fact, received credit for this exact time. [Doc. 167, p. 1].
[4] *See* December 11, 2018 Order, [Doc. 190, p. 2-3].
[5] *Id.* at 3-4 (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (citing *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)).

Defendant is entitled to credit for time served from October 1, 2014, until March 24, 2015, because he was not in official detention as a result of *this offense*.[6] The Court could find nothing in the record to support Defendant's contention that the Court agreed to give Defendant jail credit from October 1, 2014.

Regardless, "granting credit for time served 'is in the first instance an administrative, not a judicial, function," and may be raised in a petition under 28 U.S.C. § 2241 only after the exhaustion of administrative remedies.[7] There is no evidence that Defendant has exhausted his administrative remedies. Furthermore, Defendant is currently incarcerated in Florence, Colorado, so even if the Court were to construe his Motion as a § 2241 petition, the Court would lack jurisdiction to consider it.[8]

Because this Court lacks jurisdiction to entertain a Section 2241 petition in this case, his "Motion to Receive Credit for Time Served" [Doc. 195] is **DISMISSED**.

**SO ORDERED**, this 31st day of July, 2019.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

[6] *See* 18 U.S.C. § 3585(b)(1).
[7] *Nyhuis*, 211 F.3d at 1345.
[8] *Fernandez v. United States*, 941 F.2d at 1495.